(No. 1945— ■■■■■■

Oscar Unverfehrt, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 14, 1935.*

Paul J. Carter, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

On July 15, 1932, the claimant filed his claim for damages caused by a fire originally started by The State Highway Maintenance Patrolman, who was burning weeds and grass which had been mowed and raked on State Bond Issue Route No. 153, Section No. 101, Washington County, on June 18, 1931. The fire spread from the State Highway and burned an area of 2.1 acres sowed with wheat, and it was estimated that there was 78½ bushels destroyed at $0.55 per bushel. The burned area had also been sown with sweet clover, about ten pounds of clover seed having been sown at $0.08 per pound. Damages are asked in the total amount of $44.85.

Claims founded upon similar principles have heretofore been filed in this court, and a well considered case is that of *Lewis McGarrah, et al.* vs. *State,* 6 C. C. R. 468. It was there held that the State in the construction of the state-wide system of durable hard surfaced roads exercises a governmental function and is not liable for the torts or negligence of its agents, and the same would be true where the State was maintaining the highway by cutting and burning grass and weeds that grew along said highway.

This case reversed a prior holding of this court in the case of *A. N. Pierce, et al.* vs. *The State of Illinois,* decided January 15, 1930. In the latter case it was held that for any loss of crops resulting by fire from an asphalt tank furnace used upon

a State highway spreading upon claimant's land, an award would be made, but no authorities were cited and no attempt was made to reason the liability of the State from established law.

In *Kinnare* vs. *City of Chicago,* 171 Ill. 332, cited in the McGarrah case, the Supreme Court of this State said: "When the State acts in its sovereign capacity it does not submit its actions to the judgments of courts, and is not liable for the torts or negligence of its agents."

In view of the holding of this court in the McGarrah case and the decision of the Supreme Court just cited, we must hold that the State in the instant case is not liable.

The claim, therefore, will be denied.